1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL NIVARD BEATON,                    No.  2:19-cv-2039 TLN CKD P

12              Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   U.S. IMMIGRATION, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights

18   under 42 U.S.C. § 1983.  On April 15, 2020, the court screened plaintiff's amended complaint as

19   the court is required to do under 28 U.S.C. § 1915A(a).  The court dismissed plaintiff's amended

20   complaint with leave to amend and gave plaintiff instructions and guidance as to the contents of

21   his second amended complaint.  Plaintiff has now filed a second amended complaint.

22        As plaintiff now knows, the court is required to screen complaints brought by prisoners

23   seeking relief against a governmental entity or officer or employee of a governmental entity.  28

24   U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has

25   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

26   may be granted, or that seek monetary relief from a defendant who is immune from such relief.

27   28 U.S.C. § 1915A(b)(1),(2).

28   /////

1

1       In his second amended complaint, plaintiff appears to challenge, as he did in his amended

2  complaint, the fact that he has been identified by the California Department of Corrections and

3  Rehabilitation as a "resident alien" rather than a naturalized citizen of the United States.

4  However, plaintiff again fails to identify any consequences of this classification.  Most

5  importantly, plaintiff fails to point to any facts suggesting U.S. Immigration and Customs

6  Enforcement (ICE) has commenced removal proceedings against plaintiff pursuant to 8 U.S.C. §

7  1229a.  Further, even assuming removal proceedings have commenced in some respect, plaintiff

8  fails to point to anything suggesting recourse can be sought in a §1983 action and not within the

9  explicit confines of 8 U.S.C. § 1229a.

10       Accordingly, plaintiff's second amended complaint fails to state a claim upon which relief

11  can be granted.  On two occasions, the court has provided plaintiff with instructions and guidance

12  as to how he might state a claim upon which relief could be granted.  As plaintiff has not been

13  able to state an actionable claim thus far, granting leave to amend a third time appears futile.

14       In accordance with the above, IT IS HEREBY RECOMMENDED that:

15       1.  Plaintiff's second amended complaint be dismissed for failure to state a claim upon

16  which relief can be granted; and

17       2.  This case be closed.

18       These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after

20  being served with these findings and recommendations, plaintiff may file written objections with

21  the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

22  Recommendations."  Plaintiff is advised that failure to file objections within the specified time

23  waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

24  1991).

25  Dated:  May 28, 2020

26  _____

27  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

28  1/beat2039.dis